## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LEVI LLOYD HARVEY,**

        **Plaintiff,**

    v.                              **CASE NO. 11-3077-SAC**

**WICHITA POLICE**
**DEPARTMENT, et al.,**

        **Defendants.**

### O R D E R

This civil complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of Hutchinson Correctional Facility, Hutchinson, Kansas. In the caption, plaintiff names as defendants Wichita Police Department (WPD), Butler County Jail, Kansas Department of Corrections (KDOC), RDU/El Dorado Correctional Facility (EDCF), HCF and CCS (Correct Care Solutions).

As the background for his case, plaintiff alleges the following under Nature of the Case in his form complaint. With respect to defendant WPD, plaintiff alleges that WPD officers involved in his arrest "tazed" him "after surrender and hands were in the air," did not allow him to be seen by EMS, and that he lost an excessive amount of blood. With respect to defendant Butler County Jail, plaintiff alleges that he was threatened, an investigation was hendered, and vaguely refers to "conditions of confinement." With respect to defendant RDU/EDCF, he alleges that he was "not allowed requested wittness (sic) during hearing." With respect to defendant CCS, plaintiff alleges "medical malpractice-Embiblical (sic) hernia/MRSA." With respect to KDOC and CCS, plaintiff alleges "for conditions of incarceration/medical malpractices/ exposure to

asbestos fibers during renovation." Plaintiff also refers to LCMHF, which is not even a defendant properly named in the caption, and alleges "medical injury/malpractices/reprisals, adverse actions, criminal threat" and that he was never allowed request for witness or legal representation.  Plaintiff also states that he is classified minimum held in high medium/max and housed with inmates with violent crimes.

In the body of the form complaint plaintiff was required to state what constitutional rights were violated by defendants. Instead, he alleges that he does not know and needs the advice of counsel.  As supporting facts he alleges only that he has lots of documentation in the form of grievances, but that his complaints are too numerous and complicated for him to continue without counsel.

The relief requested by plaintiff is for his "medical health" to be restored as close as possible to his condition before incarceration, hernia surgery, "irraticate (sic) the source of MRSA treatment", and follow-ups for exposure to airborne asbestos fibers.

**FILING FEE**

The fee for filing a civil rights complaint is $350.00. Plaintiff has neither paid the fee nor filed an Application to Proceed Without Prepayment of Fees.  Mr. Harvey is forewarned that under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the filing fee.  Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C.

§1915(b)(2).[1]  Furthermore, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  This action may not proceed until plaintiff either pays the fee in full or submits a motion to proceed without prepayment of fees on court-approved forms and provides the financial information in support as required by federal law.  He will be given time to do so, and is forewarned that if he fails to comply with the provisions of 28 U.S.C. § 1915 in the time allotted, this action may be dismissed without further notice.

## SCREENING

Because Mr. Harvey is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

## FAILURE TO NAME PROPER DEFENDANTS

"To state a claim under section 1983, a plaintiff must allege

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

3

the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citation omitted); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).

Plaintiff does not name a single individual person as a defendant in this case. Instead, he names entities that are not persons. EDCF, LCMHF, HCF, and the Butler County Jail are detention and prison facilities, not persons subject to suit under § 1983. KDOC is a state agency that is generally immune to suit under § 1983. Plaintiff must name the person or persons who actually took the acts that allegedly deprived him of his constitutional rights.

The only relief requested by plaintiff is that he be provided with medical treatment. His request with regard to MRSA is not intelligible. Injunctive relief against the CCS is a possibility if plaintiff's claims rely upon a policy decision by this medical provider. However, he does not refer to a policy. Nor does he name as defendant the individual doctor or medical provider from whom he sought, but was denied, medical treatment.

**FAILURE TO STATE SUFFICIENT FACTS**

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The

4

court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court employs the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court accepts all well-pleaded allegations in the complaint as true and considers them in the light most favorable to the nonmovant. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Twombly, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555.

"Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff utterly fails to describe acts taken by individual defendants and to provide the circumstances as well as the dates of such acts. His claims are nothing but conclusory statements. As such, they are subject to being dismissed for failure to state sufficient facts to show a federal constitutional violation.

**IMPROPER JOINDER**

Plaintiff cannot sue for unrelated acts that occurred at different jails or prison facilities in a single complaint. FRCP Rule 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Id. FRCP Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted). As the Court of Appeals for the Seventh Circuit held in George, under "the controlling principle" in FRCP Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." George, 507 F.3d at 607. Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the

sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id. It also prevents prisoners from "dodging" the fee obligations[2] and the three strikes provisions[3] of the Prison Litigation Reform Act. Id. (FRCP Rule 18(a) ensures "that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." Id.

Plaintiff must file a separate civil complaint for acts that occurred during his arrest, acts that occurred at the Butler County Jail, and acts that occurred at each KDOC institution. These events obviously would have involved different persons and different time frames. Mr. Harvey is reminded that for each civil complaint he files in federal court, he will be required to pay the filing fee of $350.

**AMENDED COMPLAINT**

Plaintiff is required to file an Amended Complaint in this

---

[2] 28 U.S.C. § 1915(b)(1) and (2) pertinently provide: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Id.

[3] 28 U.S.C. § 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
.

7

action that complies with Fed.R.Civ.P. Rule 15. An Amended Complaint completely supercedes the original complaint, and therefore must contain all claims the plaintiff intends to pursue in the action including those raised in the original complaint. Any claims not included in the Amended Complaint shall not be considered.

In his Amended Complaint, plaintiff must name proper defendants, allege sufficient facts, and include only properly joined parties and claims. If he fails to file a proper Amended Complaint upon court-approved forms within the time allotted, this action may be dismissed without further notice.

**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed a Motion for Appointment of Counsel. Having considered the motion, the court finds it should be denied. There is no constitutional right to appointment of counsel in a civil case. Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989); Carper v. Deland, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006), *citing* Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir.2004). It is not enough "that having counsel appointed would [assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." Steffey, 461 F.3d at 1223, *citing* Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the

district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Rucks, 57 F.3d at 979; Hill, 393 F.3d at 1115.  Having considered the above factors, the Court concludes that plaintiff alleges insufficient facts to show that he has a colorable claim.  No special legal training is required to recount the facts surrounding an alleged constitutional injury.  Accordingly, pro se litigants may be expected to state such facts without any legal assistance.  See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  If this case progresses beyond screening and it becomes apparent that appointed counsel is necessary, plaintiff may renew this motion.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee herein by either paying the $350 fee in full or submitting a properly supported motion to proceed without prepayment of fees upon court-approved forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to file an Amended Complaint upon court-provided forms that cures the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 2) is denied, without prejudice.

The clerk is directed to send plaintiff § 1983 and IFP forms.
**IT IS SO ORDERED**.

Dated this 23rd day of June, 2011, at Topeka, Kansas.

9

s/Sam A. Crow
U. S. Senior District Judge