**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**LEVI LLOYD HARVEY,**

                    **Plaintiff,**

          **v.**                          **CASE NO.  11-3077-SAC**

**WICHITA POLICE**
**DEPARTMENT, et al.,**

                    **Defendants.**

## O R D E R

          This civil complaint, 42 U.S.C. § 1983, was filed pro se by
Mr. Harvey while he was an inmate of Hutchinson Correctional
Facility, Hutchinson, Kansas.  In the caption of the original
complaint, he named as defendants WPD (Wichita Police Department),
Butler County Jail, KDOC (Kansas Department of Corrections),
RDU/EDCF (El Dorado Correctional Facility), LCMHF (Larned
Correctional Mental Health Facility), HCF (Hutchinson Correctional
Facility), and CCS (Correct Care Solutions).

          The court screened the complaint and found the following
deficiencies: (1) plaintiff had not paid the filing fee of $350 or
submitted a motion for leave to proceed without prepayment of fees;
(2) the defendants named in the caption were not "persons" subject
to suit under § 1983; (3) plaintiff alleged no facts to support his
claims in the body of his complaint, his allegations were nothing
but conclusory statements, and he utterly failed to describe acts
taken by individual defendants and the surrounding circumstances

with dates; (4) plaintiff failed to state what constitutional rights he believed had been violated; and (5) that the complaint was a morass of improperly joined claims and parties. The federal rules on joinder were cited and plaintiff was informed that he must file separate complaints for his unrelated claims based upon "acts that occurred during his arrest, acts that occurred at the Butler County Jail, and acts that occurred at each KDOC institution." He was warned that he would be required to pay the filing fee for each separate civil complaint he submitted for filing in federal court. In addition, Mr. Harvey was ordered to file an Amended Complaint in this case that named proper defendants, alleged facts, and included only parties and claims that are properly joined. He was warned that if he failed to file a proper Amended Complaint that cured the deficiencies within the time allotted, this action could be dismissed without further notice.

Presumably in response to the court's screening order, plaintiff submitted the following pleadings and motions: Motion for Leave to Proceed in forma pauperis (Doc. 4) with Supplement (Doc. 8); second and third motions to appoint counsel (Docs. 5, 9) and six new § 1983 complaints on forms. The clerk docketed two of these new form complaints in this case (Docs. 6,7). The other four were filed as new, separate cases: Harvey v. Dr. Lawhorn, et al., 11-3136, Harvey v. Warden Rohling, et al., 11-3137, Harvey v. Deputy Johnson, et al., 11-3138, and Harvey v. WPD, et al., 11-3139). Having considered all the materials filed by Mr. Harvey, the court finds that this action should be dismissed, without

prejudice, on account of plaintiff's failure to cure deficiencies set forth in the court's screening order including that he has failed to file an amended complaint in this case as ordered that contains only properly joined parties and claims.

**FILING FEE**

In response to the court's finding that the filing fee had not been satisfied, plaintiff submitted a Motion to Proceed in forma pauperis (Doc. 4) and the next day a copy of his inmate account statement, which was docketed as a supplement (Doc. 8). The account statement indicates that Mr. Harvey could have been required to submit an initial partial filing fee of $8.50 in this case. However, before ruling on this motion the court received a change of address notification from plaintiff, and it appears that he has been released from prison.[1]  The court provisionally grants leave to proceed in forma pauperis in this action based upon the financial information before the court. However, this order may be modified should different financial information come to the court's attention.[2]

**AMENDED COMPLAINTS**

The court's screening order granted Mr. Harvey thirty days

---

[1]     An offender search on the Kansas Department of Corrections' website reveals that Mr. Harvey was released on parole on December 16, 2011.

[2]     Mr. Harvey's motion and financial data do not include any information as to his possible employment or income since his release.

in which to file an Amended Complaint upon court-approved forms in this case.  The court did not receive a single pleading designated Amended Complaint with this case number written upon it within the time prescribed by the court.  Instead, on July 21, 2011, with two days left in the thirty-day time limit, it received six different § 1983 complaints on forms with no case number written upon any and no directions as to how Mr. Harvey intended for these pleadings to be filed.  At this time the instant action was plaintiff's only pending case.  The clerk docketed two complaints in this case as Amended Complaints, possibly because plaintiff had been ordered to submit an Amended Complaint in this case naming different defendants.  These two complaints came together in an envelope with no indication that either was to be filed as a new case.  When the clerk received a second batch of pleadings from plaintiff, the court directed that the four additional complaints in this mailing be filed as new cases.  Each of these complaints had a different caption naming different defendants from in this case and from each other.  They were submitted after the court had informed plaintiff that he must file separate lawsuits if he wished to proceed on his several unrelated claims against different defendants.  Some of plaintiff's improperly joined claims involved the persons newly named as defendants in these four complaints.

From the foregoing, the court finds that plaintiff did not submit a single, proper Amended Complaint in this case within the prescribed time limit that complied with the court's screening order.  The court further finds that plaintiff's submission of six

4

separate complaints and, as it now appears, expecting them to be filed in this case did not comply with the court's order that he file an Amended Complaint in this action that contained no improperly joined claims and parties.[3]   Plaintiff's original complaint filed herein was a morass of improperly joined claims. His submission of six new complaints for filing in this case amounted to nothing more than his re-submission of the same mis-joined claims in a single case, and thus did nothing to cure this defect.   In fact, plaintiff's six submissions exacerbate this defect because he has interspersed the pages in his new complaints with all sorts of grievances, narratives, and other exhibits, which are not discussed in the body and not always relevant to the complaint to which they are attached.   Plaintiff's attachments reflect that he seeks to complain in federal court about every incident that irritated him while he was confined at various institutions with no regard as to whether or not these incidents amounted to a federal constitutional violation.   The court concludes that this action should be dismissed, without prejudice, because plaintiff has utterly failed to comply with the court's order entered on June 23, 2011.


**CLAIMS IN AMENDED COMPLAINTS**

The court will not allow this case to go forward upon the

---

[3]      While one of the two or six complaints submitted might not contain improperly joined parties or claims, it is not for the court to choose and allow this action to proceed upon one of the six.  It was for Mr. Harvey to decide and convey in his Amended Complaint the properly joined claims upon which he wished to proceed in this action.

two Amended Complaints that were docketed herein for two reasons.
First, as plaintiff was previously informed, a proper Amended
Complaint completely supercedes all previously-filed complaints.
It logically follows that he could proceed only upon the single
Amended Complaint that was last submitted.  Since Mr. Harvey
submitted multiple amended complaints at the same time, the court
cannot discern which one superceded all the others.  Second, the
court cannot construe the two Amended Complaints docketed herein as
one.  This is because they are based upon incidents that occurred
during different time frames, at two different locations, and that
involved different defendants.  Thus, it is clear that the claims
and parties in these two separate complaints may not be properly
joined in this single action.

        Even if this court could discern some way to combine these
two complaints and treat them as plaintiff's Amended Complaint, it
would find that the allegations therein fail to state a claim of
federal constitutional violation.  The Amended Complaint docketed
first by the clerk (Doc. 6) was executed by plaintiff on July 10,
2011.  Therein, plaintiff names as defendants the Warden and nine
other employees at the El Dorado Correctional Facility, El Dorado,
Kansas (EDCF).[4]  In this pleading, Mr. Harvey generally claims that
state employees are not abiding by "policy procedures" in Kansas

---

        [4]     One example of Mr. Harvey's irrelevant exhibits is his hand-written
statement that he has attached to the middle of this form-complaint, which
contains allegations regarding an incident at the Butler County Jail in December
2009.  None of the employees at the EDCF named as defendants in this complaint
is alleged to have been involved in the jail incident.  It follows that plaintiff
is entitled to no relief from the named defendants based upon this incident.

statutes and IMPP manuals. Violations of state statutes and prison regulations or policies do not amount to violations of the United States Constitution, and therefore are not grounds for relief under § 1983.

Plaintiff also generally claims that his confidentiality rights were violated in connection with the handling of his legal, official, and privileged mail. However, he does not alleges sufficient, comprehensible facts to show a violation of his First Amendment rights as a prison inmate or a denial of his right of access to the courts.

Mr. Harvey inserts inside this complaint copies of a "Disciplinary Report" (DR) charging him at the EDCF with Interfering with Official Duties and Misconduct in Dining Room on February 16, 2010, the "Disposition of Disciplinary Case," and two "Disciplinary Appeals to the Secretary." His personal hand-written statement that is also inserted indicates that reporting officer Reynolds observed him interfere in an incident between another inmate and another correctional officer outside the dining hall. Plaintiff goes on in detail regarding comments made by Reynolds as well as comments by other defendants involved in copying and notarizing an "official letter." None of these musings indicates any sort of federal constitutional violation.

Plaintiff's own exhibits show that a DR hearing was held on March 1, 2010, at which he made a statement and was able to question the reporting officer, who confirmed his observations that led to the DR. They also indicate that the hearing was concluded

7

after Mr. Harvey was disruptive and impeded the hearing officer from speaking or asking questions. Plaintiff complains that witnesses he requested were denied without reason, but elsewhere makes the contrary statements that he was informed it would be against regulations to allow one inmate requested as a witness and that another had left for camp. He was found guilty of both charges and sanctioned with 10 days disciplinary segregation and fines. Harvey complained on appeal that the hearing officer was partial to reporting officer Reynolds, would not answer plaintiff's questions following the hearing, and that he was denied testimony from his witnesses without explanation. His exhibits show that the Warden approved the disciplinary action on March 5, 2010.[5] Plaintiff seeks "compensation" for the time spent in disciplinary segregation and for loss of good time awards, and for "all hearings" to be found in violation of due process. Plaintiff's allegations in this complaint, taken as true, fail to state a federal constitutional claim. A prison inmate is not entitled to due process protections in a disciplinary proceeding that did not result in a sanction of forfeiture of already-earned good time credit.

Plaintiff's complaints regarding notary services and the handling of his mail, taken as true, also fail to state a constitutional claim. He alleges that a copy of a legal letter was

---

[5]     Plaintiff also complains that he sent three grievances to Warden Roberts after he was transferred to LCMHF that he never received back. He had no constitutional right to return of his grievances, and instead should have prepared and maintained copies of his own grievances.

"too light" and was improperly inspected and that a letter to the Governor was taken for a notary stamp and brought back the next day.  Plaintiff does not describe any actual injury that resulted to either his court access or his right to petition the government.

In the Amended Complaint docketed second herein by the clerk (Doc. 7) plaintiff names as defendants the Warden and fifteen other employees at the HCF.  He delineates three counts in this form complaint, while registering numerous jumbled complaints throughout.  As Count I, he asserts wrongful imprisonment and "unusual punishment."  As Count II, he asserts unusual punishment in connection with the alleged violation of his medical restrictions and bunk assignment.  As Count III, he claims obstruction of justice and denial of due process at a hearing. Plaintiff complains of wrongful imprisonment based on allegations that on November 18, 2010, he was transferred to the HCF "as a minimum custody inmate and housed outside (his) custody classification for five months."  He asserts that this amounted to "unusual punishment," and that he was discriminated against and denied privileges available to minimum custody inmates in violation of equal protection principles.  In his "narrative" inserted in this complaint, he states that he was not transferred to the South Unit at the HCF as soon as he expected.  His exhibits show that in response to his grievance regarding not being transferred to the South Unit minimum custody, he was reminded that he had six DRs while in a minimum setting and informed that he had no entitlement to minimum custody.  The relief he seeks is to spend the rest of

his incarceration "at minimum."  These allegations state no claim under § 1983 because a prison inmate has no constitutional right to a particular custody classification or housing assignment. Moreover, any claim for injunctive relief was rendered moot by Mr. Harvey's release from the HCF.

Harvey also complains that he was assigned work details that violated his medical restrictions and caused his hernia to become inflamed.  He alleges that he reported to work for Aramark in the kitchen on January 23, 2011, asked the supervisor if she was going to push him beyond his medical restrictions, and was dismissed on January 24, 2011.  He was later informed that there was no position in the kitchen that would accommodate his medical restrictions.  He also states that on June 17, 2011, defendant Hurt informed him that ARNP Goff had advised that medical restrictions limiting his lifting to 15 pounds were not violated by his pushing laundry carts weighing 50 pounds and threatened him with a DR.  On June 21, 2011, he was transferred to the East Unit medium facility, and claims he was punished there because his medical restrictions did not allow him to work at the fair grounds.  In his narrative, plaintiff further states that on December 20, 2010, he was moved from a bottom to a top bunk, which violated his medical restriction of bottom bunk only.  Plaintiff also alleges that after attempting to get cleared for kitchen duty and complaining about abdominal pain from getting up and down from top bunk, he was assigned to a bottom bunk on January 5, 2011.  Neither plaintiff's allegations regarding his work assignments, nor his allegations of violations

10

of his medical restrictions evince a federal constitutional violation. His exhibits show that the bunk assignment and lifting restrictions problems were resolved through the administrative process. An inmate has no constitutional right to a particular work detail or to any work assignment while in prison.

Plaintiff also appears to complain about a disciplinary proceeding at the HCF. He alleges that at a disciplinary hearing on June 9, 2011, defendant Chick told him if he had pled guilty to the charge it would have been amended from a Class II to a Class III, had denied all his requests for witnesses, and "continued the hearing until Ms. Aumiller, Aramark FSS, could be available for cross examination." He seeks "all 80-plus days withheld/forfeiture" based on due process violations. If the forfeiture of good time was a sanction in this proceeding, as plaintiff's request for relief suggests, a petition for writ of habeas corpus is the only appropriate remedy, not this civil rights complaint, and exhaustion of state remedies is a prerequisite. If forfeiture of good time was not a sanction, then he was not entitled to the usual due process protections and no claim is stated.

Plaintiff's many other general complaints, for example that Schneider handled all complaints to the warden and discouraged the inmate; that plaintiff was housed near "aggressive inmates" and inmates charged with marijuana possession who threatened him as a snitch; that in April 2011, defendant UTM Mascorro wanted to read his official letters to the FBI and the Department of Justice after

notarizing them; and that staff members upset his brother by questioning him about Harvey's being released to his residence are nothing but conclusory statements that fail to present a claim of federal constitutional violation.

Plaintiff also seems to complain that his attempts to pursue the grievance process on his myriad complaints were impeded. However, his narrative statements indicate that he often sent his grievances to the Central Office claiming they were emergencies, and was told to utilize the regular facility grievance process. Plaintiff is required to follow the administrative procedures as implemented by the KDOC.

The court concludes that this action must be dismissed for the reasons stated herein and in the court's screening order. The dismissal is without prejudice. This means that plaintiff may hereafter raise claims that are dismissed herein by submitting a new complaint for filing as a separate, new lawsuit. However, he is again forewarned that the filing fee for each new civil lawsuit submitted to the federal court is $350; that if he does not pay the filing fee in full at the time he files a new complaint he must submit a proper motion to proceed without prepayment of fees supported by his current financial information; that he must submit any new civil rights action upon court-approved forms provided by the clerk of the court upon request; and that he may not raise unrelated claims against different defendants in a single lawsuit. He is also forewarned that should he raise the same claims without curing the apparent deficiencies in those claims discussed herein

they are likely to be dismissed on the same grounds.

## MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff's second and third motions for appointment of counsel (Docs. 5 & 9) have been considered by the court and are denied.  Plaintiff alleges in support of these motions that he cannot afford to hire an attorney, his imprisonment will "greatly limit" his ability to litigate this case, the issues are complex, and he has made repeated efforts to obtain counsel.  The court finds, for the same reasons stated in its initial screening order of June 23, 2011, including that plaintiff has not convinced the court that there is sufficient merit to his claims, that these motions should be denied.  Mr. Harvey does indeed appear to have difficulty either understanding or following proper procedures. However, he is not entitled to appointment of counsel for that reason alone, and certainly not to assist him in presenting a myriad of grievances to the court that are not shown to amount to federal constitutional violations.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 4) is granted; and that this action is dismissed and all relief is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motions for Appointment of Counsel (Docs. 5 & 9) are denied.

**IT IS SO ORDERED.**

Dated this 20th day of March, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge